UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ERIC BOYD,

        Plaintiff,

v.

E. KENWORTHY *et al.*,

        Defendants.

CAUSE NO. 3:20-CV-3-DRL-MGG

OPINION & ORDER

Eric Boyd, a prisoner without a lawyer, filed an amended complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. "[T]o state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the amended complaint, Mr. Boyd alleges that Mail Clerk Kenworthy and Mail Clerk Riggle routinely charge him fifteen to twenty-one cents more for each article of mail than the United States Postal Service would charge him. He asserts that the higher postal rates violate his First Amendment right to send mail. "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). Other courts have found that inordinate delays with

mail delivery and requirements that inmates purchase stamps from the commissary implicate the First Amendment. *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996); *Walker v. Wisconsin Dept. of Corrections*, 2002 WL 32350030, 4 (W.D. Wis. 2002). The court finds that Mr. Boyd's allegations are comparable and may also implicate the First Amendment. *See Walker*, 2002 WL 32350030 at 4 ("If the prison had a policy requiring inmates to send their letters in blue envelopes that had to be purchased at the prison canteen for $100 each, it would be difficult to argue that [the inmates'] First Amendment right to communicate was not implicated."). Though the defendants may have legitimate reasons for their postal rates, Mr. Boyd may proceed on this First Amendment claim at this stage of the proceedings.

Mr. Boyd also asks for an injunction to prevent these defendants from charging him higher postage rates. For prisoner cases, the court has limited authority to order injunctive relief. *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). Specifically, "the remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Id.* Though the defendants may lack the authority to lower postage rates, Mr. Boyd may proceed on an injunctive relief claim against them to obtain the relief necessary to correct any violation of his First Amendment right to send mail caused by their postage rates.

Mr. Boyd also asserts an equal protection claim against the defendants, alleging that they treated him differently than un-incarcerated individuals are treated. Because Mr. Boyd does not suggest that the defendants targeted him due to his membership in a suspect class, rational basis review applies. *See Flynn v. Thatcher*, 819 F.3d 990, 991 (7th Cir. 2016). "Rational basis review requires the plaintiff to prove that (1) the state actor intentionally treated plaintiffs differently from others similarly situated; (2) this difference in treatment was caused by the plaintiffs' membership in the class to which they belong; and (3) this different treatment was not rationally related to a legitimate state interest." *Srail v.*

*Village of Lisle, Ill.*, 588 F.3d 940, 943 (7th Cir. 2009). "To be considered similarly situated, a plaintiff and his comparators (those alleged to have been treated more favorably) must be identical or directly comparable in all material respects." *LaBella Winnetka, Inc. v. Village of Winnetka*, 628 F.3d 937, 942 (7th Cir. 2010). Mr. Boyd is not similarly situated to un-incarcerated individuals, and there is no indication that the defendants treat a proper comparator differently than they treat Mr. Boyd with respect to postal rates. Therefore, Mr. Boyd may not proceed on an equal protection claim against them.

My. Boyd further alleges that the defendants confiscated incoming mail that they deemed pornography and that this deprivation violates his constitutional rights because he has a property interest in such mail. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." However, a state can fulfill its obligation to provide procedural due process by implementing a method by which an individual can seek appropriate remedies. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The State of Indiana has satisfied its obligation to provide procedural due process by implementing the Indiana Tort Claims Act, Ind. Code 34-13-3, *et seq.*, which allows individuals to file lawsuits and to seek compensation for property losses caused by government employees. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). Because the State of Indiana provides adequate procedural due process for property losses, this claim is dismissed.

As a final matter, Mr. Boyd does not proceed *in forma pauperis* in this case, so the court will not serve any defendants for free under 28 U.S.C. § 1915(d). Rather, he is responsible for serving the defendants with the amended complaint as required by Federal Rule of Civil Procedure 4. If he would like to have the United States Marshals Service serve the defendants by certified mail, he must send the summons with sufficient copies of the complaint, properly completed USM-285 forms, and a

check for the appropriate amount ($24.00 for each defendant) to: United States Marshals Service, Room 233, 204 South Main Street, South Bend, IN 46601.

For these reasons, the court:

(1) GRANTS Eric Boyd leave to proceed on a claim against Mail Clerk Kenworthy and Mail Clerk Riggle for money damages for allegedly violating his First Amendment right to send mail by charging him higher postage rates;

(2) GRANTS Eric Boyd leave to proceed on an injunctive relief claim against Mail Clerk Kenworthy and Mail Clerk Riggle to obtain the relief necessary to correct any violation of his First Amendment right to send mail caused by their postage rates;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to sign and seal the summons for Mail Clerk Kenworthy and Mail Clerk Riggle and to send them to Eric Boyd with two blank USM-285 forms; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Mail Clerk Kenworthy and Mail Clerk Riggle respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which Eric Boyd has been granted leave to proceed in this screening order.

SO ORDERED.

September 22, 2020    *s/ Damon R. Leichty*
                     Judge, United States District Court