UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ERIC BOYD,

        Plaintiff,

v.

E. KENWORTHY *et al.*,

        Defendants.

CAUSE NO. 3:20-CV-3 DRL-MGG

OPINION AND ORDER

Eric Boyd, a prisoner without a lawyer, filed a motion to reopen this case. Based on the timing of this motion, the court construes it as a motion under Fed. R. Civ. P. 59(e). "A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996); *Deutsch v. Burlington N. R.R. Co.*, 983 F.2d 741 (7th Cir. 1993).

On September 22, 2020, the court issued a screening order allowing Mr. Boyd to proceed on a First Amendment claim against two defendants but dismissing the Fourteenth Amendment claim because Indiana provided an adequate remedy for property loss under the Indiana Tort Claims Act, Ind. Code § 34-13-3, *et seq.* ECF 10. With respect to service, the court instructed him as follows:

> As a final matter, Mr. Boyd does not proceed in forma pauperis in this case, so the court will not serve any defendants for free under 28 U.S.C. § 1915(d). Rather, he is responsible for serving the defendants with the amended

> complaint as required by Federal Rule of Civil Procedure 4. If he would like to have the United States Marshals Service serve the defendants by certified mail, he must send the summons with sufficient copies of the complaint, properly completed USM-285 forms, and a check for the appropriate amount ($24.00 for each defendant) to: United States Marshals Service, Room 233, 204 South Main Street, South Bend, IN 46601.

*Id.* In response, Mr. Boyd filed two proof of service forms attesting that he served the defendants by leaving the service documents with a law library clerk. ECF 12, ECF 13. On December 21, 2020, the court determined that that these forms were inadequate to demonstrate that Mr. Boyd had fulfilled his service obligations and granted him until January 22, 2021 to show cause as to why the case should not be dismissed for lack of service. ECF 14. Mr. Boyd did not respond to this order, and the court dismissed this case for lack of service. ECF 15.

In this motion, Mr. Boyd argues that the court should reopen this case because he believed that filing the proof of service forms satisfied his service obligations. He cites no legal authority for this proposition. He does not acknowledge the court's instructions on how he could fulfill his service obligations by directly contacting the United States Marshal Service, nor does he address the court's finding that the proof of service forms were inadequate. He also does not explain why he did not respond to the show cause order. In sum, Mr. Boyd has not demonstrated a manifest error of law or fact, and the court declines to reopen this case.

Mr. Boyd also argues that the court should have allowed him to proceed on the Fourteenth Amendment claim because he could not have asserted the claim under Ind. Code § 11-11-3-6. He cites *Medley v. Lemmon*, 994 N.E.2d 1177 (Ind. App. 2013), for the

proposition that Ind. Code § 11-11-3-6 does not create a private right of action. While this may be true, Mr. Boyd does not explain why the post-deprivation remedies under the Indiana Tort Claims Act or under Ind. Code § 11-11-3-6(b) are inadequate. Even if he had, his unfulfilled service obligations would remain.

For these reasons, the court DENIES the motion to reopen (ECF 17).

SO ORDERED.

February 19, 2021                                        *s/ Damon R. Leichty*
                                                                       Judge, United States District Court